UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS LUMBRERAS,

    Plaintiff,                                      Case No.:

vs.

HAWK RESIDENTIAL SERVICES, INC. and
JEFFREY HAWKINS, Individually,

    Defendants,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARLOS LUMBRERAS, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendants, HAWK RESIDENTIAL SERVICES, INC., hereinafter referred to as "HAWK" and JEFFREY HAWKINS, individually, hereinafter referred to as "HAWKINS", collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper

pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4. Defendant, Hawk, is a Florida profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Pasco County. At all times material Defendant, Hawk, was an employer as defined by the FLSA.

5. Defendant, Hawkins, is the President of Hawk Residential Services, Inc. and was acting in a supervisory capacity for Defendant, Hawk. Defendant, Hawkins, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, Hawkins, possessed operational control of business activities.

6. Defendant, Hawkins, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

7. At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8. At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

9. Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

10. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendants, 29 U.S.C. §207(a)(1).

11. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

12. Plaintiff worked for Defendants in the position of Estimator.

13. Plaintiff was terminated from his position with Defendants, with his last day of work being May 3, 2022.

14. Plaintiff was not paid at all for days worked during the last week of April 2022.

15. Further Plaintiff earned bonuses which remain unpaid for the month

3

of April 2022. Instead, Defendants have intentionally and unlawfully withheld such earned wages until Plaintiff signs a so-called letter of termination prepared by Defendants.

16. Plaintiff estimates he is owed approximately Four Thousand Five Hundred Dollars ($4,500.00) in unpaid wages and bonuses.

**COUNT I**
**FLSA MINIMUM WAGE AS TO ALL DEFENDANTS**

17. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (16).

18. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

19. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

**COUNT II**
**FLORIDA STATUTE CHAPTER  448.08 -  UNPAID WAGES**
**AS TO HAWKS RESIDENTIAL SERVICES, INC.**

20. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (16).

21. Plaintiff earned wages over the course of his employment which are owed and payable by the Defendant, Hawk, pursuant to Florida Statute Chapter 448.08.

22. Plaintiff's claim is for all uncompensated hours worked by Plaintiff that were not overtime hours.

23. Defendant, Hawk, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, Hawk, for back pay, unpaid wages, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

**DATED** this 12th day of May 2022.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wflorin@fgbolaw.com
Christopher D. Gray
Florida Bar No. 0902004
cgray@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558

Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff